

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN PALMER; GULF SOUTH
CAPITAL, INC.;
MICHAEL KERCE;
GULF SOUTH TECHNOLOGY
VENTURES, I, LLC; AND GULF
SOUTH POWER VENTURES, LLC                                   PLAINTIFFS,

vs.                                   CIVIL ACTION NO.: 3:16-cv-292 CWR-LRA

ITRON, INC.                                                 DEFENDANT.

### NOTICE OF REMOVAL

To:   The Judges of the United States District Court
      for the Southern District of Mississippi

Pursuant to 28 U.S.C §§ 1332, 1441, 1446 and 1447, Itron, Inc. ("Itron") hereby gives notice of removal of the above-captioned civil action from the Circuit Court of Rankin County, Mississippi, to the United States District Court for the Southern District of Mississippi, Jackson Division, with full reservations of any and all rights, defenses and objections including those set forth in Fed. R. Civ. Pro. 12. Itron submits the following in support of this Notice of Removal:

### PROCEDURAL BACKGROUND

1.  On January 29, 2016, Itron filed an action in Delaware Chancery Court against Gulf South Power Ventures, LLC ("GS Power"), Gulf South Technology Ventures, I, LLC ("GS Tech"), Gulf South Capital, Inc. ("Gulf South Capital"), Michael Kerce, and other unidentified GS Owner Defendants (collectively, "Delaware Defendants") for breach of contract, improper distribution of assets, and breach of fiduciary duty. Said action is styled _Itron, Inc. v. GS Power Ventures, LLC, et al._, Civil Action Number 11946-VCMR and is referred to herein as the "Delaware Action." See Ex. "1"

1

2. In the Delaware Action, Itron asks, at a minimum, for all Delaware Defendants, including identified and unidentified members and managers of GS Power and GS Tech, to indemnify Itron for a claim that exceeded over $27 million. Ex. '1" at ¶ 72.

3. On March 21, 2016, John Palmer, Gulf South Capital, Michael Kerce, GS Tech, and GS Power (collectively, "DJ Plaintiffs") filed a declaratory judgment action against Itron in the Circuit Court of Rankin County, Mississippi. Said action is styled as: John Palmer, Gulf South Capital, Inc., Michael Kerce, Gulf South Technology Ventures, I, LLC and Gulf South Power Ventures, LLC v. Itron, Inc., In the Circuit Court of Rankin County, Civil Action NO. 16-74, hereinafter the "Mississippi Action." *See* Ex. "2"

4. In the Mississippi Action, DJ Plaintiffs seek a declaration that the members and managers of GS Power and GS Tech and the officers, directors, stockholders, employees, or other agents or persons associated with them are not liable to Itron, or to GS Power or to GS Tech for any monetary amounts arising out of or related to the claims brought in the Delaware Action, and that GS Power and GS Tech (and any member or manager or person associated with them) have no fiduciary duty or other obligation to attempt to recover any distributions to their members or others for the benefit of Itron. Ex. "2", ¶¶ 44-47.

5. DJ Plaintiffs seek relief from the damages sought in the Delaware Action where DJ Plaintiffs admit that GS Tech received less than $100,000 in distributions and GS Power received more than $1,000,000 in distributions related to the same breach of contract claim that are at issue in these cases. Ex."2" ¶51, *fn* 3.

6. Itron was served with process of the Mississippi Action on March 21, 2016.

## THIS COURT HAS SUBJECT MATTER
## JURISDICTION PURSUANT TO 28 U.S.C. §1332

7. This civil action is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Consequently, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and specifically pursuant to § 1332(a)(3).

### Complete Diversity of Citizenship Exists Between the Parties

8. DJ Plaintiff John Palmer is a resident of the State of Mississippi, who resides in Jackson, Mississippi. Ex."2", ¶ 1.

9. DJ Plaintiff Gulf South Capital is a corporation duly organized under the laws of Mississippi. Ex."2", ¶ 2.

10. DJ Plaintiff Michael Kerce is a resident of the State of Mississippi, who resides in Jackson, Mississippi. Ex."2", ¶3.

11. DJ Plaintiff GS Power is a limited liability company organized under the laws of the State of Mississippi, with its principal place of business at 1671 Lelia Drive in Jackson, Mississippi. Ex."2", ¶4.

12. DJ Plaintiff GS Tech is a limited liability company organized under the laws of the State of Mississippi, with its principal place of business at 1671 Lelia Drive in Jackson, Mississippi. Ex."2", ¶5.

13. Itron is a corporation organized under the laws of the State of Washington, with its principal place of business at 2111 North Molter Road, Liberty Lake, Washington 99019. Ex."2", ¶6.

14. Based on information and belief, none of the members or managers of GS Power or GS Tech reside in the State of Washington. This statement was confirmed by counsel for the DJ Plaintiffs.

15. Based on the citizenship of the parties, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(3).

### The Amount in Controversy Exceeds $75,000.00

16. DJ Plaintiffs seek relief from the damages sought in the Delaware Action where they admit that DJ Plaintiff GS Power received more than $1,000,000 in distributions that it risks losing in the breach of contract claims that are at issue in this controversy. Ex."2", ¶51, *fn* 3. Thus, the claims brought by DJ Plaintiff GS Power clearly exceed the $75,000.00 amount-in-controversy requirement.

17. The other DJ Plaintiffs seek relief of an unspecified amount, although GS Tech admits it received less than $100,000 in distributions. *Id.*

18. In a diversity action under 28 U.S.C. § 1332 where at least one named plaintiff satisfies the amount in controversy requirement, 28 U.S.C. § 1367(a) authorizes federal courts to exercise supplemental jurisdiction over claims of other plaintiffs in the same case or controversy that fail to satisfy the amount-in-controversy requirement.

19. In *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005), the Supreme Court held, as follows:

> Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction. The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties. The single question before us, therefore, is whether a diversity case in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs

4

> do not, presents a "civil action of which the district courts have original jurisdiction." If the answer is yes, **§ 1367(a) confers supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement, if the claims are part of the same Article III case or controversy**. . . .
>
> We now conclude the answer must be yes. When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment. If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a "civil action" within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint.

*Id.* at 558-59.

20. In *Doss v. NPC Int'l, Inc., d/b/a Pizza Hut*, the Honorable Judge W. Allen Pepper, relying on *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005), held "… so long as there [is] at least one plaintiff's claim [that] satisfies the amount in controversy requirement for an exercise of diversity jurisdiction, the Court has supplemental jurisdiction over the claims of other plaintiffs which are part of the same case or controversy"). *See Doss v. NPC Int'l, Inc.*, 2010 U.S. Dist. LEXIS 34640, *3-4, fn 2. (N.D. Miss., Mar. 19, 2010) [1]

21. Here, the Court clearly has original jurisdiction over claims sought by DJ Plaintiff GS Power where the requirements of diversity and amount-in-controversy are clearly met under 28 U.S.C. § 1332. The Court also "has original jurisdiction over the 'civil action' within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint." *Id.* at 559. Further, the claims brought by the DJ Plaintiffs are all part of the same Article III case or controversy directed to

---

[1] Pursuant to Fed. R. App. Pro 32.1, see the opinion in *Doss v. NPC Int'l, Inc.*, 2010 U.S. Dist. LEXIS 34640 (N.D. Miss., Mar. 19, 2010) attached as Ex. "3".

the same breach of contract and issues related to the that breach of contract. Thus, the Court has supplemental jurisdiction over all of the claims brought by the other DJ Plaintiffs that may not independently exceed the amount in controversy amount because these claims involve the same case or controversy as the claims brought by DJ Plaintiff GS Power, where the Court has original jurisdiction. *Id.* at 558-59.

22. In *Exxon*, the Supreme Court went on to hold:

> It follows from this conclusion that the threshold requirement of § 1367(a) is satisfied in cases, like those now before us, where some, but not all, of the plaintiffs in a diversity action allege a sufficient amount in controversy. We hold that § 1367 by its plain text overruled Clark and Zahn and authorized supplemental jurisdiction over all claims by diverse parties arising out of the same Article III case or controversy, subject only to enumerated exceptions not applicable in the cases now before us.

*Exxon*, 545 U.S. at 566-67.

23. 28 U.S.C. § 1367(c) states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
>     (1) the claim raises a novel or complex issue of State law,
>
>     (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>     (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>     (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

24. None of the exceptions listed in 28 U.S.C. § 1367(c) are applicable to this case. The claims do not involve novel or complex issues of State law. Rather, the claims brought by the DJ Plaintiffs are based on Mississippi statutes directed to limited liability

6

companies. Each claim brought under supplemental jurisdiction does not substantially predominate over the claims brought by DJ Plaintiff GS Power where the Court clearly has original jurisdiction. Rather, the claims brought by DJ Plaintiff GS Power are tied to a much higher damages than any of the supplemental claims brought by the remaining DJ Plaintiffs. The remaining exceptions are also inapplicable to this case.

25. Based on the foregoing, Itron has shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, to at least the claims brought by DJ Plaintiff GS Power. Itron has also shown by a preponderance of the evidence that the Court has supplemental jurisdiction to hear the claims of the other DJ Plaintiffs arising out of the same case and controversy of the claims brought by DJ Plaintiff GS Power.

### Venue is Proper in this District

26. Venue is proper in, and removal is proper to, this Court pursuant to 28 U.S.C. §1441(a) and 1446(a), as this action is presently pending in the Circuit Court of Rankin County, Mississippi.

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

27. Pursuant to 28 U.S.C. § 1446(a), a copy of DJ Plaintiffs' Complaint and other pleadings and process properly served on Itron are attached hereto as Ex."2".

28. A certified copy of the complete file in the State Court Action has been requested and will be filed with this Court within fourteen days pursuant to 28 U.S.C. §§ 1447(b) and 1449 and Uniform Local Rule 5(b).

29. A completed Civil Cover Sheet and the appropriate filing fee are being submitted to the Clerk contemporaneously with the filing of this Notice of Removal.

30. Itron was served with process on March 21, 2016. Pursuant to 28 U.S.C. §§ 1446(b) and 1446(b)(2)(B), this Notice of Removal is therefore timely in that it is being filed within thirty-days of service of process on Itron.

31. Itron is filing a Notice of Filing of Notice of Removal, a copy of which attached hereto as Ex "4", and serving same on all counsel, thereby providing the notice to the state court and all counsel required by 28 U.S.C. § 1446(d).

WHEREFORE PREMISES CONSIDERED, Itron respectfully requests that this Court accept the removal of this civil action from the Circuit Court of Rankin County, Mississippi and retain jurisdiction thereof.

Respectfully submitted this 20th day of April, 2016,

Michael D. Simmons, MSB # 9828
Donna M. Meehan, MSB # 100484
*Counsel for Itron, Inc.*

OF COUNSEL:

**COSMICH, SIMMONS & BROWN, PLLC**
One Eastover Center
100 Vision Drive, Suite 200 (39211)
P.O. Box 22626
Jackson, Mississippi 39225-2626
Telephone: (601) 863-2100
Facsimile: (601) 863-0078
mike@cs-law.com
donna@cs-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Notice of Removal by causing a true and correct copy of same to be placed in the United States Mail, First-Class Postage Pre-Paid, addressed as follows:

Alan W. Perry
Jason E. Fortenberry
Bradley Arant Boult Cummings, LLP
188 East Capitol Street, Suite 400
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 592-1418
aperry@babc.com
jfortenberry@babc.com

*Counsel for Plaintiffs*

This, the 20th day of April, 2016.

/s/ Donna M. Meehan
Donna M. Meehan