IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN PALMER; GULF SOUTH
CAPITAL, INC.;
MICHAEL KERCE;
GULF SOUTH TECHNOLOGY
VENTURES, I, LLC; AND GULF
SOUTH POWER VENTURES, LLC

       Plaintiffs,

v.                                                   CIVIL ACTION NO. 3:16CV292-CWR-LRA

ITRON, INC.

       Defendant.

### ITRON, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
### FOR DECLARATORY JUDGMENT

Plaintiff Itron, Inc. ("Itron") hereby answers the Complaint for Declaratory judgment filed by Plaintiffs John Palmer, Gulf South Capital, Inc. ("GS Capital"), Michael Kerce, Gulf South Technology Ventures I, LLC ("GS Tech"), and Gulf South Power Ventures, LLC ("GS Power") (collectively, "Plaintiffs") (the "Complaint") as follows.

Plaintiffs opening paragraph does not itself appear to contain any allegations requiring a response. Itron admits that Plaintiffs' pleading purports to be a complaint for declaratory judgment filed pursuant to Miss. R. Civ. P. 57. The remainder of the opening paragraph sets forth a statement of relief requested by Plaintiffs to which no response is required. Itron denies that the members/manager of GS Power and GS Tech and the officers, directors, stockholder, employees, or other agents or persons associated with them are not liable to Itron, or to GS Power or to GS Tech for any amount arising out of or related to the merger of Itron and SmartSynch, Inc. ("SmartSynch") and that GS Power and GS Tech (and any member or manager

1

or person associated with them) have no fiduciary duty or other obligation to attempt to recover any distributions to their members or others for the benefit of Itron.

## I. PARTIES AND JURISDICTION

1. Itron is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. Itron is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. Itron is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. Itron is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5. Itron is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6. Itron admits that it is a corporation organized under the laws of the State of Washington, with its principal place of business at 2111 North Molter Road, Liberty Lake, Washington 99019. Itron admits that it is a publicly-traded technology company whose core business involves developing, marketing, and selling technologies that economize energy, gas and water use. Itron admits that its product portfolio includes electricity, gas, water and thermal energy meters, communications systems, and software. Itron admits that it operates in over 100 countries and services over 8000 customers. Itron admits that it is registered to do business in the State of Mississippi and may be served with process through its registered agent, National Registered Agents, Inc. at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

7. Itron denies that venue and jurisdiction are proper in Rankin County, Mississippi and the Circuit Court of Rankin County, Mississippi pursuant to Mississippi Code § 11-11-3 and Miss. R. Civ. P. 57.

## II. DELAWARE COURT CLAIMS OF ITRON AGAINST GS POWER AND GS TECH

8. Paragraph 8 does not appear to contain any allegations requiring a response.

9. Itron admits the allegations of paragraph 9.

10. Itron admits that it claims that GS Power and GS Tech, as shareholders of SmartSynch, made certain warranties and covenants in the Merger Agreement. Itron admits that Plaintiffs are disputing the nature and extent of the commitments of GS Power and GS Tech. Itron admits that Plaintiffs purport to provide a brief summary of those obligations that will suffice in this action for declaratory relief. Itron denies any remaining allegations of paragraph 10.

11. Itron admits the allegations of paragraph 11, but notes that the summary is incomplete and the Merger Agreement document speaks for itself.

12. Itron admits the allegations of paragraph 12.

13. Itron denies the allegations of paragraph 13 because Plaintiffs' summary of facts, contentions and litigation positions are incomplete, overly simplified, misleading, and/or inaccurate.

14. Itron admits the allegations of paragraph 14.

15. Itron admits the allegations of paragraph 15.

16. Itron admits the allegations of paragraph 16.

17. Itron denies that it began demanding indemnity from the various former shareholders of SmartSynch only following the settlement with Consert. Itron admits the remaining allegations of paragraph 17.

18. Itron admits the allegations of paragraph 18.

19. Itron admits that it is asserting claims in the State of Delaware, styled *Itron, Inc. v. GS Power Ventures, LLC, et al.*, C.A. No. 11946-VCMR, in the Chancery Court for the State of Delaware, filed on January 29, 2016 (hereinafter the "Delaware Action") for at least the indemnity obligations by GS Power and GS Tech. Itron admits that GS Power and GS Tech purport to believe that no money is owed to Itron. Itron admits that it also sued two other former shareholders of SmartSynch as Defendants in the Delaware Action – Corbin McGriff and Danny Shirley, and that Itron's claims against Corbin McGriff and Danny Shirley were settled and dismissed. Itron denies any remaining allegations of paragraph 19.

20. Itron denies the allegations of paragraph 20.

21. Itron denies the allegations of paragraph 21, including the allegations of footnote 2 to paragraph 21. Itron asserts that this case is duplicative of the issues raised by Itron's Delaware litigation and does in fact ask the Court to grant relief with respect to the claims of Itron against GS Power and GS Tech arising out of the Merger Agreement.

### III. ITRON'S ATTEMPT TO LITIGATE CLAIMS IN DELAWARE AGAINST NON-PARTIES TO THE MERGER AGREEMENT

22. Itron admits the allegations of paragraph 22.

23. Itron denies the allegations of paragraph 23.

24. Itron is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 245. Itron denies the remaining allegations of paragraph 24.

25. Itron admits the allegations of paragraph 25.

26. Itron admits the allegations of paragraph 26.

27. Itron admits that it intends to assert, and is in the process of asserting, claims – not just against its former shareholders who are obligated under the Merger Agreement – but also against all members or managers of the LLC shareholders of SmartSynch. Itron is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27, and therefore denies them.

28. Itron admits that Plaintiff Palmer was not named as a party in the Delaware Action, but Itron named unidentified GS Owner Defendants, which may include Plaintiff Palmer. Itron is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28, and therefore denies them.

29. Itron admits that there is a real and material existing controversy between Itron, on one hand, and John Palmer, GS Capital, and Michael Kerce, on the other. Itron denies that none of them have any obligation under the Merger Agreement. Itron is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29, and therefore denies them.

30. Itron admits that it seeks to hold GS Capital liable along with all of the other members of GS Power and GS Tech, for the claimed obligation of GS Power and GS Tech. Itron denies any remaining allegations of paragraph 30.

**IV. ITRON'S THEORIES OF LIABILITY AGAINST LLC MEMBERS**

31. Itron believes that the statement in paragraph 31 is an incomplete statement of the applicable law, and therefore the allegations of paragraph 21 are denied as stated.

32. The allegations of paragraph 32, standing alone, do not require a response.

33. Itron admits that it is alleging that GS Power and GS Tech may be unable to satisfy their indemnity obligations under the Merger Agreement as a result of the distribution that violated Mississippi Code § 79-29-609, and that members/managers of GS Tech and GS Power and others have breached their fiduciary duty by causing and/or receiving improper and illegal distribution of assets from GS Power and/or GS Tech and by failing to exercise GS Power's and GS Tech's rights under applicable law (including but not limited to Miss. Code § 79-29-609 or the relevant membership agreement) to reclaim distributions from owners or members that had been made illegally. Itron admits it is contending that the members/managers of GS Power and GS Tech who assented to or received distribution of the exit proceeds are liable for their return under Miss. Code § 79-29-609. Itron denies any remaining allegations of paragraph 33.

34. Itron admits that it is alleging, as explained more fully in its Delaware complaint, that GS Power and GS Tech were the alter egos of their respective owners and managers, were undercapitalized and unable to pay their likely debts and obligations, and did not erect and maintain formal barriers between GS Power and GS Tech and their members. Itron denies any remaining allegations of paragraph 34.

35. Itron denies the allegations in paragraph 35.

### V. THE FACTS RELATING TO THE GS TECH AND GS POWER DISTRIBUTIONS

36. Paragraph 36 does not contain allegations that require a response.

37. Itron is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore denies them.

38. Itron is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore denies them.

39. Itron is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore denies them.

40. Itron is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and therefore denies them.

41. Itron denies the allegations in paragraph 41.

42. Itron denies the allegations of paragraph 42.

43. Itron admits that Plaintiffs purport to explain that Miss. Code § 79-29-611 provides that, unless otherwise agreed to, no member who assents to or receives a distribution from a limited liability company shall have liability for the amount of a wrongful distribution unless an action is commenced to recover the distribution within two years from the date of the distribution, and the member is found liable in the action. Itron admits it filed the Delaware Action to recover the distributions on January 29, 2016. Itron denies that any such claim is untimely. Itron is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43, and therefore denies them.

## VI. DECLARATORY RELIEF SOUGHT

44. Itron admits that Plaintiffs purport to seek a declaratory judgment that Palmer, GS Capital, and Kerce are not liable to Itron or to GS Power or GS Tech for any amounts Itron claims are owed as a result of the Consert Litigation on any of the theories of liability alleged by Itron in the Delaware Action. Itron denies any remaining allegations of paragraph 44.

45. Itron admits that there exists a real and material controversy of a substantial nature between Itron and Kerce and GS Capital, and that Itron is asserting claims against Kerce and GS Capital in Delaware. Itron denies any remaining allegations of paragraph 45.

46. Itron admits that there is also a real and material controversy between Itron and the owners, members, and managers of GS Power and GS Tech. Itron admits that Palmer purports to seek a declaratory judgment to determine that he is not responsible for any obligations related to the Itron merger. Itron denies the remaining allegations of paragraph 46.

47. Itron admits that GS Power and GS Tech purport to seek a declaratory judgment that neither they nor their members or managers or other parties related thereto have violated any fiduciary duty to Itron. Itron admits that Itron's Delaware Complaint alleges such a breach arises, in part, from "failing to exercise GS Power's and GS Tech's rights under applicable law (including but not limited to Miss. Code § 79-29-609 or the relevant membership agreement) to reclaim distributions from owners or members that had been made illegally (or otherwise call for capital contributions from members in order to be able to satisfy their indemnity obligations)" found on par. 93 of Exh. 1 of the Complaint. Itron admits that it further alleges, as explained more fully in the Delaware complaint, that Itron is continuing to suffer damages by alleging that there is a currently existing and continuing breach of fiduciary duty. Itron admits that Plaintiffs purport that resolving the issue immediately as to whether GS Power and GS Tech, their members or managers or other parties related thereto have violated any such duty will reduce the uncertainty that might arise if the issue is litigated in the future when Itron may allege that additional damages have occurred. Itron denies any remaining allegations of paragraph 47.

### VII. NEED FOR DECLARATORY JUDGMENT AND SPEEDY TRIAL

48. Itron admits that Plaintiffs purport that Rule 57 allows the Court to order a speedy trial and to advance the matter on the docket. Itron admits that Plaintiffs purport that expedited relief is appropriate and necessary here. Itron denies any remaining allegations of paragraph 48.

### A. The Responsibility of Members Of LLCS to Itron, A Party Claiming To Be A Creditor Of The LLCs, Should Be Decided In This Mississippi Declaratory Judgment Proceeding.

49. Itron denies the allegations of paragraph 49.

50. Itron admits that the members/managers are proper parties to the Delaware action. Itron denies any remaining allegations of paragraph 50.

51. Itron denies the allegations of paragraph 51.

### B. The Claims Against LLC Members Should Be Decided Promptly – Before Substantial Expenditures Are Made In Resolving The Claims Against The LLCs

52. Itron denies the allegations of paragraph 52.

53. Itron denies the allegations of paragraph 53.

54. Itron denies the allegations of paragraph 54.

55. Paragraph 55 does not appear to contain any allegations requiring a response. To the extent a response is required, Itron does not have sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 55, and therefore denies them.

### C. The Claims Against LLC Members Should Be Decided Promptly – Before Substantial Expenditures Are Made In Resolving The Claims Against The LLCs

56. Itron admits that Itron's Delaware Complaint alleges that a breach of fiduciary duty arises, in part, from "failing to exercise GS Power's and GS Tech's rights under applicable law (including but not limited to Miss. Code § 79-29-609 or the relevant membership agreement) to reclaim distributions from owners or members that had been made illegally (or otherwise call for capital contributions from members in order to be able to satisfy their indemnity obligations)" found on par. 93 of Exh. 1 of the Complaint. Itron admits that it further alleges, as explained more fully in the Delaware complaint, that Itron is continuing to suffer damages by alleging that

there is currently existing a continuing breach of fiduciary duty. Itron denies the remaining allegations of paragraph 56.

57. Itron denied the allegations of paragraph 57.

58. Itron admits that the members/managers are proper parties to the Delaware action. Itron denies the remaining allegations of paragraph 58.

## PLAINTIFFS' PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiffs to which no response is required. Itron denies that Plaintiffs are entitled to any relief and specifically denies all the allegations and prayers for relief contained in paragraphs (A) through (C) of Plaintiffs' prayer for relief.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Itron denies any remaining allegation in Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSE
### (Violates First-To-File Rule and The Merger Agreement)

59. The first-to-file rule gives priority to a prior-filed action over a later-filed action. On January 29, 2016, Itron filed the "first" Delaware Action against GS Power, GS Tech, GS Capital, Michael Kerce, and other presently unidentified GS Owner DJ plaintiffs (as well as Corbin McGriff and Danny Shirley, who have settled and been dismissed). Plaintiffs filed this "second" action for declaratory judgment on March 21, 2016. The relief sought by Plaintiffs in this second action are duplicative to the issues raised in the first filed Delaware Action. Plaintiffs are improperly trying to litigate duplicative issues in two separate forums despite Itron filing first in the Delaware Action.

60. Not only is this a waste of judicial resources of litigating duplicative issues in separate forums, but it also has the possibility to lead to conflicting results from the separate forums in Delaware and Mississippi. The first-to-file rule was intended to prevent these situations.

61. Each party to the Merger Agreement (either directly or indirectly through its alter ego, as alleged in the Delaware complaint), has consented to exclusive jurisdiction and venue in the first-filed Delaware Action arising out of or relating to the Merger Agreement. (*See* Merger Agreement § 13.8(b) ("Each of the parties irrevocably agrees that any legal action or proceeding arising out of or relating to this Agreement brought by the other party or its successors or assigns shall be brought and determined in the Court of Chancery of Delaware…[E]ach of the parties hereby irrevocably submits to the exclusive jurisdiction of the aforesaid court[s] for itself and with respect to its property, generally and unconditionally, with regard to any such action or proceeding arising out of or relating to this Agreement and the transactions contemplated hereby.").)

62. Further, each party to the Merger Agreement (either directly or indirectly through its alter ego, as alleged herein), also expressly agreed that "all disputes or controversies arising out of or relating to" the Merger Agreement "shall be governed by, and construed in accordance with, the internal laws of the State of Delaware." (Merger Agreement § 13.8(a).)

63. For at least the aforementioned reasons, Itron believes that Plaintiffs' Complaint for Declaratory Judgment should be dismissed, as it violates both the first-to-file rule and the explicit language of the Merger Agreement.

**RESERVATION OF AFFIRMATIVE DEFENSES**

Itron hereby reserves the right to supplement affirmative defenses as discovery proceeds in this case.

Dated:  June 8, 2016                                          Respectfully submitted,


                                                              */s/ John Murphy*_____
                                                              Donald Puckett *(Pro Hac Vice)*
                                                              John Murphy *(Pro Hac Vice)*
                                                              **NELSON BUMGARDNER, P.C.**
                                                              3131 West 7th Street, Suite 300
                                                              Fort Worth, TX 76107
                                                              Phone: (817) 377-9111
                                                              *Counsel for Itron, Inc.*


OF COUNSEL:

Donna M. Meehan, MSB No. 100484
Michael D. Simmons, MSB No. 9828
**COSMICH, SIMMONS & BROWN, PLLC**
One Eastover Center
100 Vision Drive, Suite 200 (392 11)
P.O. Box 22626
Jackson, Mississippi 39225-2626
*Counsel for Itron, Inc.*


## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this Itron, Inc.'s Answer to Plaintiffs' Complaint for Declaratory Judgment has been mailed or otherwise served on this date on all parties who have appeared in this case.


Dated: June 8, 2016                                           /s/ *John Murphy*_____